[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14333
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-01927-CV-JEC-1

BIOMEDICAL DISPOSAL, INC.,

Plaintiff-Appellant,

versus

MEDIQ/PRN LIFE SUPPORT SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 17, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

BioMedical Disposal, Inc. ("BioMedical") sued MEDIQ/PRN Life Support

Services, Inc. ("MEDIQ") for breach of contract, alleging that MEDIQ failed to

perform its contractual duties as defined by a letter agreement between the parties, dated July 24, 2001 ("the Agreement"). BioMedical produced Sharpx, a needle destruction system for use in health care facilities. Pursuant to the Agreement, MEDIQ became BioMedical's exclusive rental distribution agent for Sharpx in the United States.

The complaint contained five counts: Count I alleged MEDIQ's breach of the duty to pay BioMedical minimum amounts owed pursuant to the Agreement; Count II alleged MEDIQ's breach of the duty to use its best efforts to promote BioMedical's product; Count III alleged MEDIQ's breach of the duty to pay BioMedical for "Starter Repair Kits"; Count IV alleged MEDIQ's breach of its duty to allow BioMedical inspection of MEDIQ's financial records pursuant to the Agreement; and Count V alleged MEDIQ's bad faith in the litigation.

Count III was settled by the parties. The district court granted summary judgment for MEDIQ on Counts I, II and IV. BioMedical appeals the judgment as to Counts I and II only.[1] BioMedical also contends that the district court erred in

---

[1]The record does not demonstrate that summary judgment was granted to MEDIQ on Count V. However, it is clear that the district court considered the entire action resolved by the Consent Order settling Count III and the court's order of summary judgment. *See* Final Judgment, R.6-144 at 1. Moreover, BioMedical does not argue that Count V remains unresolved. Therefore, we consider the district court's Final Judgment to be just that– the district court's resolution of the entire case.

denying its untimely motion for leave to file a motion for partial summary judgment and a supplemental response to MEDIQ's summary judgment motion.

Having reviewed the record and the briefs on appeal, we find no reversible error in the district court's grant of summary judgment on Counts I and II. As to Count I, we agree with the district court that the plain language of the Agreement does not impose a duty upon MEDIQ to pay BioMedical a minimum monthly amount. Regarding Count II, summary judgment was properly granted because BioMedical did not present evidence of its damages resulting from MEDIQ's alleged breach of the duty to use its best efforts to promote Sharpx. Georgia law does not allow BioMedical to recover lost profit damages because BioMedical was a new company; its lost profit damages are speculative. And, we will not reverse the grant of summary judgment on this count based on BioMedical's arguments on appeal that it is entitled to nominal damages or damages for Sharpx units unreturned by MEDIQ because these arguments were not presented to the district court at the summary judgment stage. *See* R.5-109 at 22-24.

Finally, we find no abuse of discretion in the district court's denial of BioMedical's motion to file an untimely summary judgment motion and a supplemental response to MEDIQ's motion.

AFFIRMED.